IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| JASON SHUGART | : | Case No. 2: 09-CV-01123-MHW -TPK |
| Plaintiff, | : | |
| v. | : | Judge Michael H. Watson |
| | : | **PLAINTIFF JASON SHUGART'S OPPOSITION TO OCWEN LOAN SERVICING, LLC'S MOTION TO DISMISS** |
| OCWEN LOAN SERVICING, LLC, *et al*. | | |
| | : | |
| Defendants. | | |

I.          PRELIMINARY STATEMENT

Plaintiff Jason Shugart ("Plaintiff" or "Shugart") opposes the motion to dismiss filed by Defendant Ocwen Loan Servicing, LLC ("Defendant" or "Ocwen") and requests that this Court deny the motion on all counts.  If the Court finds some merit to the Defendant's motion the Plaintiff requests the Court grant leave to file an amended complaint to address any potential defect that may exist.

Plaintiffs have stated a claim upon which relief can be granted for all claims for which Ocwen has raised an issue.  The standard of review of a 12(b)(6) motion requires the Court to view the facts alleged in a Complaint in favor of the Plaintiff.  The Court is to assume the veracity of well plead factual allegations and determine whether the facts alleged entitle the Plaintiff to relief.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

alleged." *Ashcroft v. Iqbal* 129 S.Ct. 1937, 949 (U.S.,2009) citing *Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544,556, 127 S.Ct. 195.

The Plaintiff has alleged sufficient factual allegations which entitle him to relief for each of the claims raised by Ocwen in the Motion to Dismiss. First Ocwen argues the breach of contract count should be dismissed for failure to state a claim. Shugart has alleged that Ocwen is bound and breached the contract of the note and mortgage. Ocwen cites cases where the Courts have found that servicers are not in privity with the borrower. However, the facts of each specific case determine whether the servicer is bound by the contract. If the terms of the contract state that Ocwen is bound by the terms as an assignee, than Ocwen is bound by the contract. If Ocwen has taken the Note by transfer, than Ocwen is bound by the contract. These are questions of fact which must be discovered. If Ocwen is not bound by the contract, than the Plaintiff should be granted leave to add counts born out of duty in tort.

Second, Ocwen argues that it is not a third party debt collector under the Fair Debt Collection Practices Act. Again, Shugart has alleged sufficient facts which lead to the reasonable inference that Ocwen is indeed a third party debt collector as it relates to Shugart. Paragraphs 99 through 103 of the complaint contain statements of facts that suffice to show that Ocwen is subject to the Fair Debt Collection Practices Act (FDCPA). Shugart alleges that Ocwen treated the loan as if it were in default from the moment it began servicing the loan. According to Ocwen, Shugart continues to remain in default. While Shugart disputes Ocwen's accounting, Ocwen became a debt collector when it began servicing a loan which it treated as a loan in default. Shugart laid out these facts in its complaint. The Court should deny Ocwen's motion to dismiss the FDCPA claims.

Third, Ocwen argues that the Ohio Consumer Sales Practice Act claims as they relate to the Fair Credit Reporting Act should be dismissed on a theory of preemption. However, Ocwen's argument is wholly unrelated to Shugart's complaint. Shugart's complaint for violations of the Ohio Consumer Sales Practice Act §1345 ("OCSPA") are not related to the accuracy of reporting or the duties associated with reporting to the credit reporting agencies in relation to a consumer report. Paragraph 112 of Shugart's complaint lists the deceptive and unfair acts for which Shugart is complaining. These acts are based on Ocwen's conduct in receiving payments, applying payments and communicating with Shugart. Ocwen's motion to dismiss as to Count VI should be denied.

Ocwen then argues that the Fair Credit Reporting Act violations should be dismissed on the theory that Plaintiff's claims are not based on §1683s-2b. This is simply false. While Shugart identifies conduct which would qualify as a violation of §1682s-2a, Shugart is NOT seeking relief for these violations. Shugart is seeking relief for Ocwen's violations of 1682s-2b. Ocwen's motion to dismiss Shugart's counts for violations of the Fair Credit Reporting Act should be denied, as Shugart is seeking relief for Ocwen's failure to conduct a reasonable investigation and continuing to report inaccurate information after Ocwen was contacted by the credit reporting agencies about the dispute.

Finally, Ocwen argues that the state common law claims of intentional infliction of emotional distress, defamation and invasion of privacy should be dismissed. The Court should deny the motion for the intentional infliction of emotional distress because Shugart alleged through out his complaint sufficient facts for the court to make the reasonable inference that Shugart is entitled to relief. The Plaintiff is not required to state detailed factual allegations. *Twombly* at 555. Ocwen is attempting to apply a new standard contrary to the language of Rule

8 and the Twombly/Iqbal language. Shugart has specifically outlined the details of Ocwen's conduct and has alleged that that conduct caused severe stress, humiliation, anguish and anxiety. That is not a legal conclusion. That is a statement of fact sufficient to meet the notice pleading standard. Ocwen's contention that Plaintiff's state law claims of defamation and invasion of privacy should be dismissed are wrong because they based on a misreading of 15 USC §1681h(e). The section of the FCRA limiting liability to FCRA claims is applicable to the furnisher and prevents any claims outside of the FCRA unless Ocwen acted with malice or willful intent. Shugart has alleged that Ocwen did act with malice and willful intent and thus the state law claims are NOT preempted. The motion to dismiss should be denied.

## II.     STANDARD OF REVIEW

"The claims set forth in the complaint must be plausible, rather than conceivable. *Bell Atlantic Corp. v. Twombly* (2007), 550 U.S. 544, 127 S.Ct. 1955. While a complaint attacked by a Civ.R. 12(b)(6) motion to dismiss does not need detailed factual allegations, [Plaintiffs'] obligation to provide the grounds for her entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *Id.* Factual allegations must be enough to raise a right to relief above the speculative level. *Id.*" *Williams v. Ohio Edison* 2009 WL 3490945, 3 (Ohio App. 8 Dist.) (Ohio App. 8 Dist., 2009).

> We turn to respondent's complaint. Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929, the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. *Id*., at 555, 127 S.Ct. 1955 (citing *Papasan v. Allain,* 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." 550 U.S., at 555, 127 S.Ct. 1955. Nor does a complaint suffice if it

4

tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.,* at 557, 127 S.Ct. 1955.

[12] [13] To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id.,* at 570, 127 S.Ct. 1955. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Id.,* at 556, 127 S.Ct. 1955. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. *Ibid*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.' " *Id.,* at 557, 127 S.Ct. 1955 (brackets omitted).

Two working principles underlie our decision in *Twombly.* First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. *Id.,* at 555, 127 S.Ct. 1955 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we *1950 "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.,* at 556, 127 S.Ct. 1955. Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. 490 F.3d, at 157-158. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not "show[n]"-"that the pleader is entitled to relief." Fed. Rule Civ. Proc. 8(a)(2).

In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a

> court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Ashcroft v. Iqbal* 129 S.Ct. 1937, 1949 -1950 (U.S.,2009).

### III. BREACH OF CONTRACT

Shugart has alleged sufficient factual allegations entitling him to relief on each count questioned by Ocwen. Ocwen first claims there is a failure to state a claim for breach of contract. While it is true that some Courts have found that a servicer in a particular case is not a party to the note and mortgage and is therefore not bound by the contract. This, however, is a question of fact. There is no evidence that Ocwen is not the owner and holder of the loan. Shugart sent three qualified written requests asking for details about the status of the loan. Ocwen failed to provide the details as required by law. Who has been assigned the note and mortgage and thus who is in privity with Shugart is a question of fact. Shugart adequately alleged that Ocwen is in breach of its contract with Shugart. Shugart will eventually be required to show that Ocwen is in privity with Shugart in order to prevail on this claim. However, at this stage Shugart's statements in Count II of his complaint alleging that Ocwen is in breach of the contract with Shugart is a sufficient plain statement of the facts to allow for a reasonable inference that Shugart is entitled to relief. Further, paragraph 12 of the mortgage states that "The covenants and agreements of this Security Instrument shall bind and benefit the successors and assigns of the Lender and Borrower." The Note states in paragraph 1: "The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder." Ocwen has represented to Shugart that it is "entitled to receive payments under this Note." Ocwen has repeatedly failed to provide information as to whether it has taken the Note by transfer. Shugart has alleged that Ocwen is obliged by the contract. There is

6

sufficient allegations to survive the motion to dismiss. Whether Ocwen has taken the Note is a question presented in this case. Further, the mortgage clearly states that the covenants and agreements bind the successors and assigns of the Lender. Ocwen has clearly claimed a right to receive payments under the note and mortgage. The questions that will arise in this will be what is the source of Ocwen's duties to the borrower in receiving those payments. If it is not under contract, than the Plaintiff should be granted leave to amend its complaint to allege breaches of Ocwen's duty under tort. However, Plaintiff maintains that it is premature to determine that Ocwen is not bound by the terms of the contract. Discovery of facts in this case will illustrate whether or not Ocwen is bound by the contract as described by paragraph 12 of the mortgage. Shugart alleged that Ocwen was duty bound by the note and mortgage and Ocwen breached the terms of that contract. Plaintiff's position is supported by precedent of this Court. *Webb v. Chase Manhattan Mortgage Corporation*, 2007 WL 709335 (S.D.Ohio) (March 5, 2007) **Exhibit 1**. In *Webb*, the Court held that the breach of contract claim should survive the motion to dismiss against the servicer, Chase, for servicing abuses similar to the breaches alleged here. The Court held that during the course of litigation, the Plaintiff would be required to specify more specifically which provisions Chase had breached, but at the pleadings stage, this was not required. While this case was decided pre-Twombly, the fact that a breach of contract claim against a servericer by a borrower for servicing abuses survived the motion to dismiss remains good law. Shugart identified specific sections of the contract for which Ocwen breached. Further precedent exists in the body of Ohio contract law. The Eighth District Court of Appeals decided in *Cairns v. Ohio Savings Bank*, that the lender/servicer was subject to breach of contract claims by the borrower for servicing abuses. In that case, *Ohio Savings Bank*, the defendant held and serviced the loan. *Cairns v. Ohio Savings Bank*, 109 Ohio App.3d 644, 648.

7

This is relevant because it shows that a servicer may be in privity with the borrower. The borrower will have to show during the course of this litigation that Ocwen is in privity with Shugart in order to prevail on this point. However, at this stage, Shugart has met his burden by pleading that Ocwen has breached a contract with Shugart. These allegations are sufficient to entitle Shugart to relief.

IV.     FAIR DEBT COLLECTION PRACTICES ACT

The Fair Debt Collection Practices Act prohibits third party debt collectors from engaging in certain conduct which the legislature deemed as deceptive. The FDCPA only applies to entities collecting a debt for a third party. Original creditors are not subject to the FDCPA strict standards. Further, servicers of loans in good standing are not subject to the FDCPA. However, when a servicer takes the right to service a loan in default, it becomes a third party debt collector as defined and envisioned by the FDCPA.

Ocwen relies on a line of cases including *Bridge v. Ocwen* Fed. Bank, 669, F.Supp.2d 583, (N.D Ohio 2009) to support its argument that loan servicers are not subject to the FDCPA. However, the Plaintiff argued in Bridge that the loan servicer, Ocwen, was not subject to the FDCPA because the creditor had not shown there was a valid chain of title and assignment of the mortgage. In this case, Ocwen is a debt collector because it is attempting to collect on an account that was determined to be in default at the time it began servicing. There is nothing in the pleadings showing that Ocwen has a fiduciary relationship to some unknown lender. Ocwen is the only one that knows its relationship with this unknown entity.

The case that is exactly on point to this case is a case out of this very Court in an opinion written by Judge Marlbley. In the case , *Dowling v. Litton Loan Servicing*, this Court held that a

loan servicer is a debt collector under the Fair Debt Collection Practices Act if the loan servicer considered the loan delinquent or in default at the time the loan servicer began servicing the loan.

> "One of the express purposes of the FDCPA is to "eliminate abusive debt collection practices by debt collectors." 15 U.S.C. § 1692(e). If this Court were to immunize Defendant from liability under the FDCPA once Plaintiff proves that her loan was never delinquent or in default, which Defendant continues to dispute, the primary purpose of the FDCPA would not be served. Mislabeling a loan as being in default, when the evidence indicates that it is not, is the type of misrepresentation which the FDCPA is intended to address. For that reason, the correct inquiry is whether the debt collector considers the consumer to owe a debt in default based upon the manner in which the debt collector acquired the debt and the manner in which the debt collector engages in debt collection activities. *See Schlosser v. Fairbanks Capital Corp.,* 323 F.3d 534, 539 (7th Cir.2003) (holding that the exemption in § 1692a(6)(F)(iii) for assignees of debts not in default at the time of assignment does not apply to an assignee of a mortgagee which allegedly sent mortgagors notice that incorrectly asserted that they were in default on their mortgage loan); *see also Belin v. Litton Loan Servicing, LP,* 2006 WL 1992410, at *3 (M.D.Fla. July 14, 2006) (finding that "the determination as to whether Litton is a debt collector turns on whether Litton acquired the loan as a debt in default and whether its collection activities were based on that understanding") (citing *Schlosser* ).
>
> In this case, the evidence shows that Defendant considered Plaintiff's debt delinquent or in default, regardless of the debt's actual status. In Defendant's first correspondence to Plaintiff, dated March 31, 2004, Defendant notes that "[b]ecause this Debt was delinquent when the servicing of the loan was acquired by Litton, Litton is a 'debt collector' for the purposes of the Federal Fair Debt Collection Practices Act and is required to inform you that this letter is from a debt collector." Subsequent correspondence sent from Defendant to Plaintiff indicate that Defendant engaged in debt collection activities to seek payment on a debt that was in default. Even today, Defendant maintains that its recorded payment history for Plaintiff's account was delinquent by one month at all relevant times. Because Defendant appears to have acquired Plaintiff's home mortgage loan as a debt in default, and because Defendant engaged in debt collection activities based on its understanding that Plaintiff's debt was delinquent or in default, Defendant is considered a "debt collector" under the FDCPA,

9

>regardless of whether Plaintiff's home mortgage loan actually was in default."

*Dowling v. Litton Loan Servicing, LP* 2006 WL 3498292, 4 (S.D.Ohio) (S.D.Ohio,2006). **Exhibit 2.**

Litton's conduct in the Dowling case is nearly identical to the conduct of Ocwen toward Shugart. The Southern District of Ohio has ruled that servicers of mortgage loans under these specific circumstances are debt collectors and the FDCPA applies.

The Court should follow the precedent set in this court and not immunize Ocwen from liability for its abusive conduct. The Court should deny the motion to dismiss the FDCPA count.

### V.    OHIO CONSUMER SALES PRACTICE ACT

The Plaintiff has brought separate Fair Credit Reporting Act claims. Shugart is not attempting to recover for the violations of the FCRA under the OCSPA claim. Ocwen acted deceptively and unconscionably completely independently of its conduct which constitutes violations of the FCRA. The list of acts specified in Count VI of the Complaint list seven categories of conduct, none of which relate to activity covered by the FCRA. Paragraph 112 of the complaint lists the activity specifically complained of as in violation of the OCSPA:

"112. OCWEN committed unfair and deceptive acts and practices in connection with the subject note and mortgage including but not limited to the following"

    a.  Misapplication of Shugart's payments;

    b.  Failure to apply Shugart's payments in accordance with the priorities outlined in the mortgage;

    c.  Failure to account for Shugart's February payment;

    d.  Deceptive statements in correspondence indicating that Shugart should sign a loan modification in order to become current;

10

  e. Assessment of fees and charges not owed under the note and mortgage;

  f. Misrepresentations to third parties regarding Shugart's loan; and

  g. Failure to correct the loan history after being notified by Shugart of the errors."

Plaintiff's OCSPA claims are simply not based on activity regulated by the FCRA. Defendant's motion to dismiss Count VI should be denied.

## VI. FAIR CREDIT REPORTING ACT

Plaintiff's claims under the FCRA do not arise under 15 U.S.C. §1682s-2(a). Plaintiff is fully aware that there is no private cause of action under §1682s-2(a). To the extent that Ocwen's conduct violates §1682s-2(a) it is relevant to the Plaintiff's claims in which he is entitled to relief. It is relevant to Plaintiff's claims under the FCRA that the information being furnished by Ocwen was completely false and inaccurate. Shugart does not seek compensation based on this allegation. However, the fact that Ocwen was continually furnishing false information is relevant to the case as a whole and is relevant to Shugart's claims for relief under §1682s-2(b) against Ocwen and against the Credit Reporting Agencies.

Ocwen has included the relevant portion of §1682s-2(b) which Shugart has sought relief under. Shugart has alleged that Ocwen violated this section. It requires a furnisher to "conduct an investigation with respect to the disputed information." (After receiving notice by the credit reporting agency of the dispute.) The required investigation must be reasonable. It is relevant that the ultimate veracity of the information being reported and investigated is simply false and inaccurate. Reporting information known by Ocwen to be inaccurate is not reasonable. Either the investigation was not done or it was not done reasonably.

11

This section is a red herring. The Plaintiff is not seeking redress under §1682s-2(a). The Court must deny the motion to dismiss as to this section because there is simply nothing to dismiss. The Plaintiff has not filed a complaint seeking redress under this section.

Ocwen's second argument to dismiss the FCRA claims must also fail. Their argument is not based on the content of the complaint. Plaintiff must assert that the furnisher was notified of the dispute by the credit reporting agency. This is in the plain language of the statute and has been well defined by courts around the country. There is no dispute among the parties that the Plaintiff must allege this occurred.

The Plaintiff indeed alleged that this notice occurred from the credit reporting agencies to Ocwen. Ocwen's assertion that Plaintiff has failed on this point is simply false. Paragraph 126 of Plaintiff's complaint states: "Ocwen was notified of the dispute by the credit reporting agencies and failed to conduct a reasonable investigation." Plaintiff has met the requirement under the FCRA.

## VII. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

The Court should deny the motion for the intentional infliction of emotional distress because Shugart alleged through out his complaint sufficient facts for the court to make the reasonable inference that Shugart is entitled to relief. The Plaintiff is not required to state detailed factual allegations. *Twombly* at 555. Ocwen is attempting to apply a new standard contrary to the language of Rule 8 and the Twombly/Iqbal language. Shugart has specifically outlined the details of Ocwen's conduct and has alleged that that conduct caused severe stress, humiliation, anguish and anxiety. That is not a legal conclusion. That is a statement of fact sufficient to meet the notice pleading standard.

### VIII. DEFAMATION AND INVASION OF PRIVACY

Plaintiff's defamation and invasion of privacy claims are not preempted by the FCRA because they are based on the malicious and willful conduct of Ocwen. The FCRA preempts state law claims of defamation and invasion of privacy against credit reporting agencies, users of consumer reports and FURNISHERS of information unless it is based on false information furnished with malice or willful intent to injure such consumer. The FCRA 15 U.S.C §1681h (e) states:

> "(e) Limitation of liability.
>
> Except as provided in sections 1681n and 1681o of this title, no consumer may bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against any consumer reporting agency, any user of information, or any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report, except as to false information furnished with malice or willful intent to injure such consumer."

Shugart has alleged that Ocwen acted with malice in furnishing information to the credit reporting agencies. This information was disclosed pursuant to the FCRA statutory scheme. Ocwen is attempting to distort the section of the FCRA limiting state law liability (1681h(e)) by claiming that furnishers are protected by the preemption language, but not subject to the exception of furnishing information with malice and willful intent. This makes no sense. Either the furnisher was acting within the statutory scheme of the FCRA and is thus protected by preemption unless it acted with malice or willful intent or it is was not acting with in the FCRA statutory scheme and is thus not protected by 1681h(e) and the FCRA does then not preempt

13

state law claims.  The Plaintiff maintains that the former is the correct view.  Ocwen was clearly acting within the FCRA statutory scheme when it furnished information to the credit reporting agencies, when it was notified of the dispute by the credit reporting agencies and when it failed to report accurately in response to the dispute.  If, however, the Court agrees with Ocwen that 1681h, g and m are not applicable here, than the limitation on liability is not applicable.  Either way, the motion to dismiss the defamation and invasion of privacy counts should be denied.

### IX. CONCLUSION

The Court should deny the motion to dismiss for all counts.  The Plaintiff has met all of the pleading requirements as described by the Supreme Court in its recent decisions and has met sufficiently notified Ocwen of its claims against it.  Further, Ocwen fits squarely within the statutory schemes in which the Plaintiff has plead.  Ocwen is subject to the contractual documents governing this loan.  If the Court finds otherwise at this stage, the Plaintiff requests that this Court grant him leave to file a first amended complaint including counts sounding in tort.

Respectfully submitted,

*/s/ John T. Murray* _____
John T. Murray (0008793)
Direct Dial: (419) 624-3125
jotm@murrayandmurray.com
Leslie O. Murray (0081496)
Direct Dial: (419) 624-3010
leslie@murrayandmurray.com
**MURRAY & MURRAY CO., L.P.A.**
111 East Shoreline Drive
Sandusky, Ohio  44870-2517
Telephone:  (419) 624-3000
Facsimile:   (419) 624-0707

*Attorneys for Plaintiff Jason Shugart*

## CERTIFICATION

I hereby certify that on March 15, 2010, the foregoing was filed electronically.

Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

Parties may access this filing through the Court's system.

>*/s/ John T. Murray*
>John T. Murray (0008793)
>Leslie O. Murray (0081496)
>**MURRAY & MURRAY CO., L.P.A.**