## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

Jason Shugart,

    Plaintiff,

    v.                                   Case No. 2:09-cv-1123

Ocwen Loan Servicing, LLC, *et al.*,         Judge Michael H. Watson

    Defendants.

### OPINION AND ORDER

Plaintiff Jason Shugart brings suit against Defendants Ocwen Loan Servicing, LLC ("Ocwen") and Paymap Inc.  Plaintiff also sues credit reporting agencies Experion Information Solutions, Inc., Equifax Information Services, LLC, and Trans Union, LLC (collectively, "Credit Reporting Agencies").  Plaintiff's claims arise out of Ocwen's servicing of Plaintiff's mortgage and note, Ocwen's reporting of information related to Plaintiff's mortgage and note to the Credit Reporting Agencies, and the Credit Reporting Agencies' handling of disputed information on Plaintiff's credit history.

Ocwen moves to dismiss a number of Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.  (Mot. Dismiss (Doc. 27).)  The challenged claims are: breach of contract (Count Two), violation of the federal Fair Debt Collection Practices Act (Count Five), violations of the Ohio Consumer Sales Practices Act (Count Six), violations of the federal Fair Claims Reporting Act (Counts Eight and Nine), intentional infliction of emotional distress (Count Twelve), defamation (Count

Thirteen), and invasion of privacy (Count Fourteen). The Court has federal subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

The Court **GRANTS** Ocwen's Motion to Dismiss Count Two, **GRANTS IN PART** Ocwen's Motion to Dismiss Count Six, and **DENIES** Ocwen's Motion to Dismiss the remaining challenged claims.

## I. FACTS

Plaintiff purchased a home in Columbus, Ohio with a first mortgage and subsequently refinanced the loan. Ocwen became the servicer of the note and mortgage. Plaintiff asserts, among other things, that Ocwen misapplied payments, resulting an the assessment of improper late fees, ignored Plaintiff's written requests for corrections to his account, provided false information relating to Plaintiff's note and mortgage to the Credit Reporting Agencies, and failed to conduct necessary investigations of Plaintiff's account. As a result, Plaintiff alleges he was denied a later refinance on his mortgage and has suffered emotional distress and injuries to his reputation. Plaintiff brought suit against Ocwen, Paymap Inc., and the Credit Reporting Agencies for various state and federal law violations. Ocwen now moves to dismiss a number of these claims pursuant to Rule 12(b)(6).

## II. STANDARD OF REVIEW

A claim survives a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) if it "contain[s] sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer

possibility that a defendant has acted unlawfully." *Id*. A complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Twombly*, 550 U.S. at 555–56 (internal citations omitted).

A court must "construe the complaint in the light most favorable to the plaintiff." *Inge v. Rock Fin. Corp.*, 281 F.3d 613, 619 (6th Cir. 2002) (citing *Tucker v. Ohio Dep't of Rehab & Corr.*, 157 F.3d 453, 456 (6th Cir. 1998)). To survive a Rule 12(b)(6) motion, however, a plaintiff's complaint must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause will not do." *Twombly*, 550 U.S. at 555; *see also Iqbal*, 129 S. Ct. at 1949 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). The Court must read *Twombly* in conjunction with Federal Rule of Procedure 8(a)(2), which requires only a "short and plain statement of the claim showing that the pleader is entitled to relief." *Gunaskera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009). "[A] naked assertion . . . gets the complaint close to stating a claim, but without some further factual enhancement it stops short of the line between possibility and plausibility . . . ." *Twombly*, 550 U.S. at 557. Thus, "something beyond a mere possibility of [relief] must be alleged, lest a plaintiff with a largely groundless claim be allowed to take up the time of a number of other people, with the right to do so representing an *in terrorem* increment of the settlement value." *Id*. at 557–58 (internal citations omitted).

## III. ANALYSIS

### A. Count Two: Breach of Contract

Plaintiff alleges Ocwen violated the terms of the note and mortgage and is therefore liable for breach of contract. Ocwen moves to dismiss on the basis that Plaintiff failed to allege Ocwen was a party to the note and mortgage, a necessary element of the claim for breach of contract. *See Wildi v. Hondros Coll.*, No. 09AP–346, 2009 WL 3155136, at *4 (Ohio Ct. App. 10 Dist. Sept. 30, 2009) ("The elements for a breach of contract are the existence of a contract, performance by the plaintiff, breach by the defendant, and damage or loss to the plaintiff."). Plaintiff responds that he pled sufficient facts. The Court agrees with Ocwen.

Plaintiff alleges Ocwen is a servicer of the note and mortgage, not a party to or holder of or assignee of the note or mortgage. Plaintiff provides multiple examples of Ocwen's alleged violations of the language of the note and mortgage, but never alleges that Ocwen was bound by the note and mortgage. Indeed, Plaintiff alludes to ignorance of Ocwen's relationship to the note and mortgage, and states that he intended to determine that the extent of the relationship in discovery. (Pl.'s Opp. Mot. Dismiss (Doc. 31) 6.) After *Twombly*, however, Plaintiff cannot simply hope that discovery will reveal the existence of contractual privity between Plaintiff and Ocwen. Instead, Plaintiff must plead, with a good faith basis in their veracity, facts that, if proved, would entitle him to relief for a breach of contract claim.

Plaintiff cites to two cases in support of his position: *Cairns v. Ohio Sav. Bank*, 672 N.E.2d 1058 (Ohio Ct. App. 8th Dist. 1996) and *Webb v. Chase Manhattan Mortgage Corp.*, No. 2:05-cv-0548, 2007 WL 709335 (S.D. Ohio Mar. 5, 2007). Both

are inapposite.  In *Cairns*, the Ohio Court of Appeals examined part of a complaint and found the allegations omitting a time line were sufficiently specific to support a breach of contract claim.  The court was silent as to whether or not the plaintiffs alleged the existence of a contract between the plaintiffs and defendant.  Although *Cairns* may support the legal possibility of borrower-servicer privity, neither that case nor the mere possibility of privity alleviates Plaintiff's need to allege the existence of contractual privity with Ocwen.

Webb is also not controlling.  Plaintiff cites the case for the proposition that a breach of contract claim against a servicer can conceivably survive a motion to dismiss. This is not disputed.  In the instant case, the dispute arises as to whether Plaintiff must specifically plead the existence of a contract.  *Webb* examined whether specific provisions of the underlying contract must be identified as those that were violated, not whether a contract's existence is a necessary allegation.

Merely "pleading that Ocwen has breached a contract with [Plaintiff]" (Pl.'s Opp. Mot. Dismiss (Doc. 31) 8) is insufficient to withstand a motion to dismiss.  This legal conclusion, which need not be taken as true, does not suffice to allege the existence of contractual privity between Plaintiff and Ocwen.  The Court grants Ocwen's Motion to Dismiss Count Two.  Plaintiff's claim against Ocwen for breach of contract is dismissed for failure to state a claim.

## B. Count Five: Violation of the Fair Debt Collection Practices Act

In Count Five, Plaintiff argues Ocwen violated the federal Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §§ 1692e and 1692f, by engaging in false, deceptive, and misleading practices, and by engaging in unfair and unconscionable

means of collection.  Ocwen contends that Count Five fails because §§ 1692e and

1692f only regulate "debt collectors" as defined by the FDCPA, and Ocwen is not a

"debt collector".

The FDCPA defines a "debt collector" as

any person . . .who regularly collects or attempts to collect, directly or
indirectly, debts owed or due or asserted to be owed or due another . . . .
The term does not include -- . . . (F) any person collecting or attempting to
collect any debt owed or due or asserted to be owed or due another to the
extent such activity (i) is incidental to a bona fide fiduciary obligation or a
bona fide escrow arrangement; . . . [or] (iii) concerns a debt which was not
in default at the time it was obtained by such person[.]

15 U.S.C. § 1692a(6).

Ocwen argues it is not a "debt collector" because even if Plaintiff's loan was in

default at the time Ocwen began to service it, and Ocwen does not concede this,

Ocwen's actions were incidental to a bona fide fiduciary obligation owed to the

mortgage owner.  Plaintiff responds that while it is true the FDCPA does not apply to

servicers of loans in good standing, when a servicer who begins to service either a loan

in default, or a loan servicer mistakenly believes is in default and handles as such, the

servicer is treated as a "debt collector" under the FDCPA.  Plaintiff also notes that he

did not allege Ocwen had a fiduciary relationship with or owed a fiduciary duty to any

lender.  Ocwen takes the approach that the § 1692a(6)(F) exceptions, which are listed

in the disjunctive, are independently sufficient to remove a party from the definition of a

"debt collector".  Ocwen asserts that although its treatment of the loan may preclude the

application of the (F)(iii) exception, Ocwen is nevertheless excepted under the bona fide

fiduciary obligation.

Plaintiff is correct that the § 1692a(6)(F)(iii) exception, which may operate to

remove a loan servicer from the definition of a "debt collector", does not apply if the loan was in default at the time it was acquired by the servicing company, or if the servicing company treated it as such, regardless of the loan's actual status. *Martin v. Select Portfolio Servicing Holding Corp.*, Case No. 1:05-cv-273, 2008 WL 618788, at *4 (S.D. Ohio Mar. 3, 2008).  In the instant case, Plaintiff alleges Ocwen treated Plaintiff's loan as if it were in default from the time it began to service the loan.  (Compl. (Doc. 1) ¶¶ 20–25.)  Thus, taking all factual allegations in the Complaint as true, Plaintiff's claim does not fail pursuant to the 15 U.S.C. § 1692a(6)(F)(iii) exception.

But because the § 1692a(6)(F) exceptions are listed in the disjunctive, they are independently sufficient to remove a party from the definition of "debt collector" under the FDCPA.  If, taking Plaintiff's allegations as true, any of the exceptions apply, Plaintiff's claim under the FDCPA fails.  Ocwen argues that as a servicer, it "has a fiduciary obligation to the holder of the mortgage to collect payments[,]" (Mot. Dismiss 6) and as such, the § 1692a(6)(F)(i) exception for actions incidental to a bona fide fiduciary obligation applies.  But because Plaintiff did not allege that Ocwen owed any fiduciary obligations to the holder of the mortgage, this argument is more appropriate for a motion for summary judgment.  Thus, Count Five does not fail pursuant to 15 U.S.C. § 1692a(6)(F)(i).  Ocwen's Motion to Dismiss Count Five for failure to state a claim is denied.

## C.  Count Six: Violation of the Ohio Consumer Sales Protection Act

In Count Six, Plaintiff alleges Ocwen violated the Ohio Consumer Sales Practice Act ("OCSPA") by committing unfair and deceptive acts and practices in connection with the note and mortgage, including making misrepresentations to third parties about

Plaintiff's loan. Ocwen moves to dismiss for failure to state a claim, arguing the Credit Reporting Agencies were the only third parties to which Ocwen allegedly made misrepresentations, and therefore the claims, to the extent they are based on such misrepresentations, are preempted by the Fair Credit Reporting Act ("FCRA").

The FCRA regulates three groups, one of which is furnishers of information to credit reporting agencies. *Elsady v. Rapid Global Bus. Solutions, Inc.*, 2010 U.S. Dist. LEXIS 17276, at *6 (E.D. Mich. Feb. 26, 2010). The FCRA restricts furnishers of information. 15 U.S.C. §§ 1681s-2(a)(1)(A) ("A person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."), 1681s-2(a)(1)(B) ("A person shall not furnish information relating to a consumer to any consumer reporting agency if -- (i) the person has been notified by the consumer, at the address specified by the person for such notices, that specific information is inaccurate; and (ii) the information is, in fact, inaccurate."); *see also Stafford v. Cross Country Bank*, 262 F. Supp. 2d 776, 787 (W.D. Ky. 2003) ("§ 1681s-2 only regulates conduct involved in the reporting of credit information."). The FCRA also preempts state law claims relating to the regulation of that subject matter. *See* 15 U.S.C. § 1681t(b) ("No requirement or prohibition may be imposed under the laws of any State -- (1) with respect to any subject matter regulated under -- . . . (F) section 1681s-2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies, except that this paragraph shall not apply [to certain Massachusetts and California statutes.]"). Thus, the FCRA provides that if a furnisher of credit information furnishes information to a credit reporting agency and in so doing violates a state consumer

protection statute, a claim under that state statute is preempted by the FCRA.

Ocwen asserts that at least one of the allegedly improper acts that forms the basis of Count Six involves Ocwen reporting information to the Credit Reporting Agencies, and therefore that portion of the claim is federally preempted by the FCRA. Plaintiff responds that none of the acts alleged relate to the activities regulated by the FCRA. The Court agrees with Ocwen. While none of the allegations specific to Count Six explicitly mention credit reporting agencies, in examining the Complaint as a whole, the only third parties to allegedly receive misrepresentations from Ocwen were the Credit Reporting Agencies. (Compl. (Doc. 1) ¶¶ 58 ("OCWEN . . . furnished false information to the credit reporting agencies stating that [Plaintiff] is late on payments to his note and mortgage.") 112.) No allegation in the Complaint identifies any other third party recipient of information from Ocwen, thus the Court takes the allegations of misrepresentation to third parties to refer to the false information regarding Plaintiff's loan that Ocwen allegedly furnished to the Credit Reporting Agencies.

Plaintiff's OCSPA claim is based, in part, to Ocwen's provision of misinformation to the Credit Reporting Agencies, and thus directly relates to the subject matter of § 1681s-2(a). Because the FCRA preempts claims for such subject matter that are based in state consumer protection statutes, to the extent Count Six is based on misrepresentations to the Credit Reporting Agencies regarding Plaintiff's loan (Compl. (Doc. 1) ¶ 112(f)), the claim is preempted and Ocwen's Motion to Dismiss is granted.


**D. Counts Eight and Nine: Violations of the Fair Credit Reporting Act**

In Counts Eight and Nine, Plaintiff alleges Ocwen violated the federal FCRA by

failing to conduct a reasonable investigation in response to notification that it was providing inaccurate information to credit reporting agencies.  In its Motion to Dismiss, Ocwen first suggests that perhaps Plaintiff is attempting to raise a claim under 15 U.S.C. § 1681s-2(a), which would fail because that statute does not create a private cause of action.  Plaintiff responds he is not attempting a claim under § 1681s-2(a), but rather under § 1681s-2(b), under which there *is* a private cause of action.  Ocwen next argues that if Plaintiff brings suit under § 1681s-2(b), then the claim fails because Plaintiff failed to allege Ocwen was notified of any dispute by the credit reporting agencies, a necessary element of such a claim.  Plaintiff notes, however, that in his Complaint he did just that.  (*See* Compl. (Doc. 1) ¶ 126 ("OCWEN was notified of the dispute by the credit reporting agencies and failed to conduct a reasonable investigation.").)  Thus, Ocwen's arguments fail.  The Court denies Ocwen's Motion to Dismiss Counts Eight and Nine.

## E.  Count Twelve: Intentional Infliction of Emotional Distress

In Count Twelve, Plaintiff alleges Ocwen intentionally caused him serious emotional distress through its attempts to collect finance fees not owed by Plaintiff. Ocwen challenges the sufficiency of Plaintiff's allegations, arguing Plaintiff's allegations are actually mere conclusions that lack the requisite factual enhancements.

Under Ohio law,

To establish a claim for intentional infliction of emotional distress, a plaintiff must prove the following elements: (1) the defendant intended to cause, or knew or should have known that his actions would result in serious emotional distress; (2) the defendant's conduct was so extreme and outrageous that it went beyond all possible bounds of decency and can be considered completely intolerable in a civilized community; (3) the defendant's actions proximately caused psychological injury to the

plaintiff; and (4) the plaintiff suffered serious mental anguish of a nature
no reasonable person could be expected to endure.

*Morrow v. Reminger & Reminger Co L.P.A.*, 915 N.E.2d 696, 712–13 (Ohio Ct. App. 10

Dist. 2009); *accord Talley v. Family Dollar Stores of Ohio*, 542 F.3d 1099, 1110 (6th Cir.

2009).

Ocwen takes issue specifically with the allegations of "serious mental anguish of
a nature no reasonable person could be expected to endure." *Id.* To survive a Rule
12(b)(6) motion, a plaintiff "does not need detailed factual allegations," but must provide
"more than labels and conclusions, and a formulaic recitation of the elements of a
cause of action will not do[.]" *Twombly*, 550 U.S. at 555.

In the instant case, Plaintiff alleged that as a result of Ocwen's actions he
suffered "from severe humiliation, distress and anxiety." (Compl. ¶ 164.) This
statement, perhaps a psychological conclusion, is not a legal conclusion, therefore, this
Court must accept it as true for the purposes of this motion. Ocwen does not argue that
even if Plaintiff's allegations were true, the alleged injuries would fail to rise to the level
of "serious mental anguish," as say, would be true for allegations of "mere upset or hurt
feelings[,]" *Nicolazzo v. Yoingco*, 898 N.E.2d 94, 105 (2007), thus that argument is
waived. The Court finds Plaintiff's allegation of "severe humiliation, distress and
anxiety" provides sufficient detail to survive a Rule 12(b)(6) Motion to Dismiss. The
Court denies Ocwen's motion to dismiss Count Twelve.

## F. Count Thirteen: Defamation and Count Fourteen: Invasion of Privacy

In Counts Thirteen and Fourteen, Plaintiff alleges claims of defamation and
invasion of privacy, respectively, against Ocwen for disclosures Ocwen made to the

Credit Reporting Agencies.  Ocwen argues these claims are preempted by the FCRA,

15 U.S.C. § 1681h(e), and Plaintiff's attempts to avail himself of the statute's exceptions

to preemption fail because such exceptions are inapplicable to the instant case.

   The FCRA includes two preemption provisions, 15 U.S.C. §§ 1681h(e) and

1681t(b).  Section 1681t(b) is discussed above in Section III.D.; § 1681h(e) provides, in

relevant part:

> Except as provided in sections 1681n and 1681o of this title, no consumer
> may bring any action or proceeding in the nature of defamation [or] invasion
> of privacy . . . with respect to the reporting of information against . . . any
> person who furnishes information to a consumer reporting agency, based on
> information disclosed pursuant to section 1681g, 1681h, or 1681m of this
> title, or based on information disclosed by a user of a consumer report to or
> for a consumer against whom the user has taken adverse action, based in
> whole or in part on the report except as to false information furnished with
> malice or willful intent to injure such consumer.

15 U.S.C. § 1681h(e).

   Ocwen argues § 1681h(e) operates to preempt Plaintiff's defamation and

invasion of privacy claims, and the statutory exceptions for malice or willful intent do not

apply because the exceptions' triggers are disclosures pursuant to §§ 1681g, 1681h,

1681m, or certain disclosures by users, and no such disclosures were made in this

case.  Plaintiff responds that there is no basis for this argument; rather, Plaintiff asserts,

the malice and willful intent exceptions apply to any claim preempted by § 1681h(e).

Ocwen responds that even if the defamation and invasion of privacy claims are not

preempted by § 1681h(e), they are preempted by § 1681t(b).  The Court finds Ocwen's

interpretation of the statute to be faulty, and Plaintiff's claims of defamation and

invasion of privacy are not preempted by either §§ 1681h(e) or 1681t(b).

   The Court disagrees with Ocwen's interpretation of § 1681h(e).  Although it is

true that the § 1681h(e) malice and willful intent exceptions do not apply to defamation, invasion of privacy, and negligence claims that are not "based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report[,]" the reason is not that such bases are triggers for the statutory exceptions; rather, the exceptions do not apply to a claim absent such bases because preemption does not apply absent those bases.  As Plaintiff asserts, "[e]ither the furnisher was acting within the statutory scheme of the FCRA and is thus protected by preemption unless it acted with malice or willful intent or it . . . was not acting [within] the FCRA statutory scheme and is thus not protected by [§] 1681h(e) and the FCRA does then not preempt state law claims."  (Pl.'s Opp. Mot. Dismiss (Doc. 31) 13–14.)

Under either reading, Plaintiff alleged facts sufficient for Count Thirteen and Fourteen to survive Ocwen's motion to dismiss.  If the statute premises preemption on the bases listed, then Plaintiff's claims, which are not based on the types of disclosures provided, are not preempted.  If preemption under § 1681h(e) does not depend on those bases but instead applies to all defamation, invasion of privacy, and negligence claims against furnishers of information to credit reporting agencies, then Plaintiff's claim survives because Plaintiff alleged Ocwen acted with the requisite intent.  Though "malice" is not defined by § 1681h(e), courts have held that information is "furnished with malice" if "the furnisher 'either knows [the information] is false or . . . the [furnisher] acts in reckless disregard of its truth or falsity.'"  *Saint Torrence v. Firstar*, 529 F. Supp. 2d 836, 844 (S.D. Ohio 2007) (quoting *Wolfe v. MBNA Am. Bank*, 485 F. Supp. 2d 874,

888 (W.D. Tenn. 2007)) (alterations in *Firstar*). Plaintiff alleges as part of Counts Thirteen and Fourteen that Ocwen's false statements to the Credit Reporting Agencies were "made by OCWEN with knowledge of their falsity and/or with reckless disregard for whether they were true or false." (Compl. (Doc.1) ¶¶ 174, 181.)

Ocwen next argues that even if the defamation and invasion of privacy claims are not preempted by § 1681h(e), they are preempted by § 1681t(b). The relationship of preemption under these sections is currently unsettled. Though four approaches have developed, the Sixth Circuit has yet to rule on the issue. *Brown v. Sterling Infosystems, Inc.*, No. 3:10CV697, 2010 WL 3057844, at *2 (N.D. Ohio Aug. 2, 2010). The four approaches are well summarized in *Sterling Infosystems, Inc.* 2010 WL 3057844, at *2–5. This Court adopts the "statutory" approach: "§ 1681t(b) preempts state statutory causes of action whereas § 1681h(e) 'preempt[s] some common-law causes of action.'" *Id*. at *4. Because defamation and invasion of privacy are not statutory causes of action, they are not preempted by § 1681t(b). Because both of Ocwen's grounds for preemption of Counts Thirteen and Fourteen fail, the Court denies Ocwen's Motion to Dismiss Counts Thirteen and Fourteen.

## G. Plaintiff's Request for Leave to Amend the Complaint

Plaintiff sought leave to amend the Complaint in the event Ocwen's motion to dismiss was granted. (Pl.'s Opp. Mot. Dismiss (Doc. 31) 2.) The Court grants Plaintiff's request as to Count Two but denies the request as to the those portions of Count Six dismissed by this Order.

Count Two fails because the Complaint alleged insufficient facts. Portions of Count Six failed because those portions faced insurmountable barriers. Thus, while the

deficiencies of Count Two may conceivably be cured with additional allegations, the same cannot be said for the problematic allegations of Count Six.

The Court reminds Plaintiff's counsel of its obligations pursuant to Federal Rule of Civil Procedure 11(b)(3) and grants Plaintiff's request for leave to amend Count Two and denies Plaintiff's request for leave to amend Count Six.

## IV. CONCLUSION

The Court **GRANTS** Ocwen's Motion to Dismiss Count Two (Mot. Dismiss (Doc. 27)), **GRANTS IN PART** Ocwen's Motion to Dismiss Count Six, and **DENIES** Ocwen's Motion to Dismiss Counts Five, Eight, Nine, Twelve, Thirteen, and Fourteen. Accordingly, the Court **DISMISSES** Plaintiff's claim for breach of contract against Ocwen **WITHOUT PREJUDICE**. The Court **DISMISSES** Plaintiff's claim for violation of the federal Fair Credit Reporting Act to the extent such claim is based on alleged misrepresentations made by Ocwen to credit reporting agencies.

The Clerk shall remove Doc. 27 from the Court's Civil Justice Reform Act motions report.

**IT IS SO ORDERED.**

**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**